UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ALFRED DOLO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:18-CV-209-TAV-MCLC |
| WASHINGTON COUNTY DETENTION CENTER, BRETT BUTLER, and JAMES HARDIN, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, Defendant Washington County Detention Center will be **DISMISSED**, and Plaintiff will have thirty days from the date of entry of this order to return service packets for Defendants Butler and Hardin.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Washington County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust

account will be directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Washington County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum and order to the Court's financial deputy.

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Defendants Butler and Hardin and other unnamed correctional officers used excessive force against him while he was handcuffed [Doc. 2 p. 4]. Plaintiff has sued Defendants Butler, Hardin, and the Washington County Detention Center [*Id.* at 1, 3].

## III. ANALYSIS

First, although Plaintiff named the Washington County Detention Center as a Defendant in this matter, it is not an entity that may be sued under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Further, even if the Court liberally construes Plaintiff's complaint as against Washington County, Plaintiff has not set forth any allegations from which the Court can plausibly infer that any Washington County custom or policy caused the alleged violations of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes the constitutional rights violation). Accordingly, the Washington County Detention Center will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Washington County and the Court's financial deputy;

4. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Butler and Hardin;

5. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

6. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

7. Defendants shall answer or otherwise respond to the complaint and within twenty-one (21) days from the date of service. If Defendants fail to timely respond to the complaint, any such failure may result in entry of judgment by default; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it

is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE